The judgment of the court was pronounced by
Slidell, J.
The plaintiff obtained, upon affidavit, an order of provisional seizure of the steamer St. Helena. He also asked a judgment with privilege against the vessel, and a personal judgment against her owner and captain. His claim was for services as pilot of the vessel. The suit was brought in the Fourth District Court of New Orleans. A number of creditors, for wages, supplies, &c., intervened. They obtained judgments against the steamer with privilege for their respective claims. But the district judge, upon exceptions of domicil, dismissed the proceedings in personam, upon the ground that the captain and owner both resided out of New Orleans, the former in Franklin, and the latter in Carroll parish.
The case is presented here by the appellants upon various assignments of error. The plaintiff in an answer to the appeal prays for a personal judgment against the captain and owner.
Our attention will be first directed to the question whether the exception of domicil was properly maintained.
The Code of Practice declares it to be a general rule, in civil matters, that one must be sued before the judge having jurisdiction over the place where he has his domicil or residence. Ait. 162. It then proceeds to enumerate, in articles 163, 164, certain exceptions to this rule. The present case is not covered by the exceptions. There is much plausibility in the argument that the defendants, so far as their personal liability is concerned, are entitled to the benefit of the general rule; and the tendency of our jurisprudence has been to protect, with strictness, the right of the citizen in this particular. See Ricard v. Kimball, 5 R. R. 142.
But in our opinion the question whether the plaintiff shall be permitted to enforce his privilege in any other foruna than that of the owner’s domicil, stands upon a very different footing. The law has expressly given persons employed in navigating vessels a privilege upon them. C. C. 3204. The Code of Practice has expressly provided a form of remedy for its enforcement. C. P. 285, 289. But *353 if the remedy can only be exercised at the domicil of the owner, the strange consequence would result, that in many cases the remedy would be impracticable, and the right useless. A man might employ his vessel in one part of the State, and live in another, which the vessel never visited, and where perhaps it would be physically impossible that she should ever come. We know of no express provision of our Code of Practice which would compel us to adopt a conclusion so unjust and unreasonable; and we therefore feel bound to recognise such a practice as will carry out the intention of the lawgiver when he conferred the privilege, and make it really useful to the meritorious class of creditors to whom it was given. The only way to do this is to consider the privilege as following the object upon which it is by law attached, and permit the creditor to lay hold of that object for the satisfaction of his claim in whatever part of the State he finds it. See Merlin Repert. verbo Action, sec. 3.
W e are aware that this view conflicts with the opinion in Hollander v. Nicholas, 3 R. R. 7; but we think the ground on which the matter is there put too narrow and technical. That was the case of an overseer, who was employed upon a plantation in the parish of St. Mary by the defendant, a resident of the parish of St. James. It was under the law a part of the agreement between the overseer and his employer that his wages should be guarantied by the crop. The defendant, without paying the overseer, was about to remove tho crop out of the parish of St. Mary. As a matter of course it was to go, not to the parish of St. James, but to a market, New Orleans, or the North. The seizure was quashed, and the creditor was ordered to go to St. James. “The privilege,” said Garland, J., “accorded bylaw to overseers to secure the payment of their wages is like all others, an accessory to the principal obligation, and must follow it. The doctrine contended for would make the principal subservient to the accessory, 'lhe exception is not made by law, and cannot be allowed by us. C. C. art. 3153, 3184. C. P. 162, 284.” Undoubtedly, the privilege is an accessory to the principal obligation; but it does not follow that the remedy in rem and the remedy in personam, are inseparable. The mortgage creditor may seize and sell the land without resorting to the personal liability. So the pledgee may proceed to have the thing pledged judicially sold, without cumulating a prayer for personal judgment. And, in the absence of any prohibition in the Code of Practice, we see nothing unreasonable in disconnecting the enforcement of the privilege from the personal pursuit, when it is impossible to pursue both together. Where there is a right there should be a remedy; it would be a mockery to acknowledge the right, and yet send a creditor to another forum, where the enforcement of the right would be impracticable.
The article 290 does not cover the present case. It is provided for in article 289.-
Even if newspaper publications are necessary in a case of this kind — upon which point we express no opinion — the necessity, so far as the defendants are concerned, was obviated by personal notice of the proceedings.
The judgment of the district court is therefore affirmed, with costs.